Matter of Chand v Vilenchik (2024 NY Slip Op 06295)

Matter of Chand v Vilenchik

2024 NY Slip Op 06295

Decided on December 17, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 17, 2024

Before: Kern, J.P., Singh, González, Kennedy, Higgitt, JJ. 

Index No. 158066/23 Appeal No. 3274 Case No. 2023-06357 

[*1]In the Matter of Balbir Chand, Petitioner,
v
Kazimir Vilenchik, etc., et al., Respondents.

Coren Law Group P.C., Brooklyn (Steven M. Coren of counsel), for petitioner.
Muriel Goode-Trufant, Corporation Counsel, New York (Martin Row III of counsel), for respondents.

Determination of respondent Commissioner of the New York City Department of Buildings (DOB), dated April 14, 2023, which, after a hearing, revoked petitioner's special rigger license, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order, Supreme Court, New York County [Lyle E. Frank, J.], entered November 20, 2023) dismissed, without costs.
Substantial evidence supports the findings that petitioner submitted a C-hook notice to DOB for a scaffold installation at a jobsite but never visited the site; an unlicensed rigger performed work at the site under petitioner's C-hook number; and a worker was fatally injured while the C-hook notice was active (see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 181-182 [1978]). After holding himself out as responsible for the scaffold by filing the C-hook notice, petitioner failed to "supervis[e]" the scaffold, "designate[]" "a competent person" to do so, or cancel the notification before the accident (NY City Bldg Code [Administrative Code of City of NY, title 28, ch 7] § BC 3314.4.1.1; see also §§ BC 202, 3314.4.1.5). Substantial evidence also supports the finding that petitioner submitted a form to DOB representing that six designated foremen on the form were on his payroll, as required by 1 RCNY 104-20(h)(1)(i), and that this representation was false.
Under these circumstances, the penalty of license revocation is not "so disproportionate to the offense as to be shocking to one's sense of fairness" (Matter of Harvey v New York City Dept. of Bldgs., 180 AD3d 434, 435 [1st Dept 2020]). DOB is authorized to revoke a license for "making . . . a material false or misleading statement on any form . . . filed with [DOB]," "[n]egligence, incompetence, lack of knowledge, or disregard of" the Code, and "[e]ngaging or assisting in any act that endangers the public safety and welfare" (Administrative Code § 28-401.19[2], [6], [11]). License revocations have been confirmed under similar circumstances (see e.g. Matter of Ward v City of New York, 23 NY3d 1046, 1047 [2014]; Matter of Harvey, 180 AD3d at 435).
DOB's determination comported with due process. DOB provided petitioner with detailed notification of the charges, and he was given an opportunity to testify, call witnesses, and submit evidence at a hearing, at which he was represented by counsel (see Matter of Berkley v New York City Dept. of Educ., 159 AD3d 525, 526 [1st Dept 2018]).
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 17, 2024